**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cody Cortez CHAPMAN, Defendant—Appellant.**

No. 01–50502.

D.C. No. CR–00–00436–LGB–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided April 24, 2003.

Before SCHROEDER, Chief Judge, THOMPSON and GRABER, Circuit Judges.

MEMORANDUM *

Cody Cortez Chapman ("Chapman") appeals his jury trial conviction for attempted bank robbery and carrying and brandishing a firearm during a crime of violence,

in violation of 18 U.S.C. § 2113(a)(d) and 18 U.S.C. § 924(c). He argues that the district court erred by precluding him from presenting a duress defense and by excluding evidence he says would have negated his specific intent to commit the crimes. We affirm.

Because Chapman had sufficient opportunity to escape from the gang members who allegedly threatened him, the district court did not err in excluding his proffered evidence of duress. *See United States v. Shapiro,* 669 F.2d 593, 597 (9th Cir.1982); *United States v. Gordon,* 526 F.2d 406, 408 (9th Cir.1975).

Chapman also argues the district court should have allowed him to testify to matters that he contends would have negated his specific intent to commit the crimes with which he was charged. The district court sustained objections to this proposed testimony, and Chapman did not argue its admissibility on the ground he now asserts on appeal. Accordingly, our review is for plain error. *United States v. Chang,* 207 F.3d 1169, 1176 (9th Cir.2000) ("If a party fails to state the specific grounds upon which evidence is admissible, the issue is not preserved for review, and the court of appeals will reverse only for plain error.") (quotation omitted). Because evidence of Chapman's intent to rob the bank was overwhelming, any error in excluding the proffered testimony would not have affected the outcome of the trial and does not require reversal. *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

AFFIRMED.

GRABER, Circuit Judge, dissenting.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

GRABER, Circuit Judge.

I respectfully dissent. In my view, there was evidence from which a reasonable jury could have found each element of a duress defense. In particular, Defendant's testimony, if believed, raised a jury question whether he had a reasonable opportunity to escape. Accordingly, I would reverse and remand for a new trial based on the district court's exclusion of the proffered defense.